1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Alan R. Plutzik, Of Counsel (Bar No. 077785)
2  L. Timothy Fisher, Of Counsel (Bar No. 191626)
3  2125 Oak Grove Road, Suite 120
   Walnut Creek, CA 94598
4  Telephone: (925) 945-0770
   Facsimile: (925) 945-8792
5
   *Attorneys for Plaintiffs*
6
7  [Additional Counsel Appear on Signature Page]

**ORIGINAL FILED**

DEC - 3 2007

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  VICTOR ALBERTAZZI, Individually and On
    Behalf of All Others Similarly Situated,

**C07-06092  SI**

12                                           **CIVIL ACTION NO.**

13                      Plaintiff,                          ADR

14       vs.                             CLASS ACTION COMPLAINT

15

16  FORMFACTOR, INC., IGOR Y. KHANDROS,
    RONALD C. FOSTER and RICHARD M.         **JURY TRIAL DEMANDED**
17  FREEMAN,

18

19                      Defendants.

20       Plaintiff, Victor Albertazzi ("Plaintiff"), alleges the following based upon the investigation

21  by Plaintiff's counsel, which included, among other things, a review of the defendants' public

22  documents, conference calls and announcements made by defendants, United States Securities and

23  Exchange Commission ("SEC") filings, wire and press releases published by and regarding

24  FormFactor, Inc. ("FormFactor" or the "Company"), securities analysts' reports and advisories about

25  the Company, and information readily available on the Internet, and Plaintiff believes that substantial

26  additional evidentiary support will exist for the allegations set forth herein after a reasonable

27  opportunity for discovery.

28

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a federal class action on behalf of purchasers of FormFactor's securities between April 26, 2006 and October 24, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      FormFactor designs, develops, manufactures, sells and supports precision semiconductor wafer probe cards. Semiconductor manufacturers use the Company's wafer probe cards to perform wafer probe test on the whole wafer in the front end of the semiconductor manufacturing process.

3.      On October 24, 2007, the Company shocked investors when it announced its third quarter 2007 financial and operational results. The Company stated that it was unable to release further income statement data with respect to the third quarter as it was reviewing its historic practices with respect to inventory valuation in light of "issues." Management further stated that it believed that adjustments to inventory valuations "may be required with respect to periods prior to the third quarter of 2007," potentially changing inventory, gross margin, operating margin and net income from the amounts previously reported for the affected periods. Additionally, the Company disclosed that it could not determine the magnitude of these adjustments, or whether the adjustments would be reflected in the third quarter financial statements or in a restatement of the affected periods.

4.      On this news, the Company's shares fell $7.70 per share, or over 17.8 percent, to close on October 25, 2007 at $35.54 per share, on unusually heavy trading volume.

5.      The Complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's financial well-being and prospects. Specifically, defendants failed to disclose or indicate the following: (1) that the Company had improperly accounted for its obsolete inventory; (2) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (3) that the Company lacked adequate internal and financial controls; and (4) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

6.    As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class Members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

8.    This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

9.    Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).  Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District.  Additionally, FormFactor's principal executive offices are located within this Judicial District.

10.    In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11.    Plaintiff, Victor Albertazzi, as set forth in the accompanying certification, incorporated by reference herein, purchased FormFactor's securities at artificially inflated prices during the Class Period and has been damaged thereby.

12.    Defendant FormFactor is a Delaware corporation with its principal executive offices located at 7005 Southfront Road, Livermore, California.

13.    Defendant Igor Y. Khandros ("Khandros") was, at all relevant times, the Company's Chief Executive Officer ("CEO") and a director.

14.    Defendant Ronald C. Foster ("Foster") was, at all relevant times, the Company's Chief Financial Officer ("CFO") and Senior Vice President.

1    15.    Defendant Richard M. Freeman ("Freeman") was, at all relevant times, the Company's

2  Senior Vice President of Operations.

3    16.    Defendants Khandros, Foster and Freeman are collectively referred to hereinafter as

4  the "Individual Defendants."  The Individual Defendants, because of their positions with the

5  Company, possessed the power and authority to control the contents of FormFactor's reports to the

6  SEC, press releases and presentations to securities analysts, money and portfolio managers and

7  institutional investors, i.e., the market.  Each defendant was provided with copies of the Company's

8  reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and

9  had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of

10  their positions and access to material non-public information available to them, each of these

11  defendants knew that the adverse facts specified herein had not been disclosed to, and were being

12  concealed from, the public, and that the positive representations which were being made were then

13  materially false and misleading.  The Individual Defendants are liable for the false statements

14  pleaded herein, as those statements were each "group-published" information, the result of the

15  collective actions of the Individual Defendants.

16    ## SUBSTANTIVE ALLEGATIONS

17    ### Background

18    17.    FormFactor designs, develops, manufactures, sells and supports precision

19  semiconductor wafer probe cards.  Semiconductor manufacturers use the Company's wafer probe

20  cards to perform wafer probe test on the whole wafer in the front end of the semiconductor

21  manufacturing process.

22

23    **Materially False and Misleading**
**Statements Issued During the Class Period**

24    18.    The Class Period begins on April 26, 2006.  On this day, the Company issued a press

25  release entitled "FormFactor, Inc. Announces 2006 First Quarter Financial Results; Record quarterly

26  revenues of $81.3 million; Net income up 119% year over year."  Therein, the Company, in relevant

27  part, stated:

28    FormFactor, Inc. today announced its financial results for the first
quarter of fiscal 2006.  Quarterly revenues were a record $81.3

million, up 13% from $71.8 million in the fourth quarter of fiscal 2005, and up 60% from $50.9 million for the first quarter of fiscal 2005.

"Following 34% revenue growth in 2005, we achieved record revenues based on solid operating performance as we successfully ramped our industry-leading MEMS facility", said Joseph Bronson, President of FormFactor.

Net income for the first quarter of fiscal 2006 was $10.8 million or $0.25 per share on a fully diluted basis, which included $2.5 million or $0.05 of incremental FAS 123 ® stock option expense net of tax. This compares to $10.5 million or $0.25 per share on a fully diluted basis for the fourth quarter of fiscal year 2005, and $4.9 million or $0.12 per share on a fully diluted basis for the first quarter of fiscal year 2005, both of which exclude incremental stock-based compensation from the adoption of FAS 123 ®. The effective tax rate for the first quarter of fiscal 2006 was 35.9% compared to 29.1% for the fourth quarter of fiscal 2005 impacting net income by $1.1 million or $0.03 per fully diluted share.

Bookings of $95.9 million for the first quarter of fiscal 2006 also set a company record, with an increase of 17% from $82.2 million for the fourth quarter of fiscal 2005 and an increase of 89% from $50.9 million for the first quarter of fiscal 2005.

Cash, cash equivalents, restricted cash and marketable securities increased by $188 million to $402 million at the end of April 1, 2006 reflecting $182 million of net cash proceeds from our follow-on offering executed in March 2006 and $8.7 million of net cash proceeds from operations and other sources.

"Growing demand for the Company's leading-edge advanced technology products continued this quarter. Our innovation continues to drive a strong product pipeline expanding our leadership position across multiple markets," said CEO Igor Khandros.

19.    On July 27, 2006, the Company issued a press release entitled "FormFactor, Inc. Announces 2006 Second Quarter Financial Results; Record quarterly revenues of $92.4 million, up 77% year over year." Therein, the Company, in relevant part, stated:

FormFactor, Inc. today announced its financial results for the second quarter of fiscal 2006, ended July 1, 2006. Quarterly revenues were a record $92.4 million, up 14% from $81.3 million in the first quarter of fiscal 2006, and up 77% from $52.3 million in the second quarter of fiscal 2005.

- 5 -

"FormFactor had another record quarter, as we continued to make significant progress in addressing our target markets," said Joseph Bronson, President of FormFactor. "We are very pleased with the performance of our manufacturing operations and continue to make ongoing productivity and efficiency improvements."

Net income for the second quarter of fiscal 2006 was $15.3 million or $0.32 per share on a fully diluted basis, which included $2.8 million or $0.06 per share of incremental FAS 123 ( R ) stock option expense net of tax. This compares to $10.8 million or $0.25 per share on a fully diluted basis for the first quarter of fiscal 2006, which included $2.5 million or $0.05 per share of incremental FAS 123 ® stock option expense net of tax. Net income for the second quarter of fiscal 2005 was $5.0 million or $0.12 per share on a fully diluted basis, which was prior to the adoption of FAS 123 ®.

Bookings of $96.5 million for the second quarter of fiscal 2006 also set a company record. Bookings for the first quarter of fiscal 2006 and second quarter of fiscal 2005 were $95.9 million and $58.0 million, respectively.

"Key to our growth strategy is our ongoing focus on R&D, where our pipeline remains stronger than ever," said Igor Khandros, CEO of FormFactor. "Innovative new products, manufacturing execution and world-wide infrastructure put FormFactor in a unique position to enable the ongoing reduction in the cost of wafer test for our customers and for continuing long-term growth."

20.    On October 25, 2006, the Company issued a press release entitled "FormFactor, Inc.

Announces 2006 Third Quarter Financial Results; Record Quarterly Revenue of $96.8 Million, Up

55% Year over Year." Therein, the Company, in relevant part, stated:

FormFactor, Inc. today announced its financial results for the third quarter of fiscal 2006, ended September 30, 2006. Quarterly revenues were $96.8 million, up 5% from $92.4 million in the second quarter of fiscal 2006, and up 55% from $62.4 million in the third quarter of fiscal 2005.

"FormFactor had another record quarter as revenue, production and net income reached historical highs. Demand for advanced probe cards in the third quarter continued to reflect the ongoing trends in the market including customers' ramping production for memory and logic, the transition to advanced nodes, and the ongoing need for higher parallelism in wafer test." said Joseph Bronson, President of FormFactor. "Factory capacity continued to ramp, as production efficiencies and yields increased in many segments of our manufacturing operations."

CLASS ACTION COMPLAINT

Net income for the third quarter of fiscal 2006 was $15.8 million or $0.33 per share on a fully diluted basis, which included $3.9 million or $0.08 per share of incremental FAS 123 ( R ) stock option expense, net of tax. This compares to $15.3 million or $0.32 per share on a fully diluted basis for the second quarter of fiscal 2006, which included $2.8 million or $0.06 per share of incremental FAS 123 ® stock option expense, net of tax. Net income for the third quarter of fiscal 2005 was $9.8 million or $0.23 per share on a fully diluted basis, which was prior to the adoption of FAS 123 ®.

Bookings for the third quarter of fiscal 2006 were $90.5 million. Bookings for the second quarter of fiscal 2006 and third quarter of fiscal 2005 were $96.5 million and $62.9 million, respectively.

"We are pleased with our 63% revenue growth year-to-date," said Igor Khandros, Chief Executive Officer of FormFactor. "We are encouraged by customers' interest in our new Harmony™ NAND Flash product. We are confident in business growth opportunities in 2007 and beyond, driven by our robust product development pipeline, supporting multiple growth drivers in our customers' businesses."

21.    On January 31, 2007, the Company issued a press release entitled "FormFactor, Inc. Announces 2006 Fourth Quarter and Year-End Financial Results."   Therein, the Company, in relevant part, stated:

FormFactor, Inc. today announced its financial results for the fourth quarter and fiscal year 2006, ended December 30, 2006. Quarterly revenues were $98.7 million, up 2% from $96.8 million in the third quarter of fiscal 2006, and up 37% from $71.8 million in the fourth quarter of fiscal 2005. Revenues for the fiscal year ended December 30, 2006 were $369.2 million, up 55% from $237.5 million in fiscal year 2005.

Net income for the fourth quarter of fiscal 2006 was $18.9 million or $0.39 per share on a fully diluted basis, which included $4.6 million or $0.09 per share of incremental FAS 123R stock option expense, net of tax. This compares to $15.8 million or $0.33 per share on a fully diluted basis for the third quarter of fiscal 2006, which included $3.9 million or $0.08 per share of incremental FAS 123R stock option expense, net of tax. Net income for the fourth quarter of fiscal 2005 was $10.5 million or $0.25 per share on a fully diluted basis, which was prior to the adoption of FAS 123R.

Net income for fiscal year 2006 was $60.8 million or $1.29 per share on a fully diluted basis, which included $13.6 million, or $0.29 per share of incremental FAS 123 ® stock option expense, net of tax, compared to $30.2 million or $0.73 per share on a fully diluted basis for fiscal year 2005.

CLASS ACTION COMPLAINT

1
2
3
4
5

"We finished 2006 with another record quarter as revenue and profit reached historical highs. 2006 was an exceptional year for FormFactor, with 55% annual revenue growth, fueled by strong contributions to growth from our Memory and Logic businesses. At the same time, we expanded our product offerings in multiple markets," said Igor Khandros, CEO of FormFactor. "We believe the market outlook for advanced probe cards remains strong as we enter 2007."

6       22.     On April 25, 2007, the Company issued a press release entitled "FormFactor

7   Announces First Quarter 2007 Financial Results." Therein, the Company, in relevant part, stated:

8
9
10

FormFactor, Inc. today announced its financial results for the first quarter of fiscal 2007. Quarterly revenues were a record $102.3 million, up 26% from $81.3 million in the first quarter of fiscal 2006, and up 4% from $98.7 million in the fourth quarter of fiscal 2006.

11
12
13
14
15
16

Net income for the first quarter of fiscal 2007 was $14.8 million or $0.30 per share on a fully diluted basis, which included $5.2 million or $0.11 per share of stock-based compensation expense, net of tax. This compares to $18.9 million or $0.39 per share on a fully diluted basis for the fourth quarter of fiscal 2006, which included $4.8 million or $0.10 per share of stock-based compensation expense, net of tax. Net income for the first quarter of fiscal 2006 was $10.8 million or $0.25 per share on a fully diluted basis, which included $2.8 million or $0.06 per share of stock-based compensation expense, net of tax.

17
18
19

"We had yet another record quarter, as our customers are accelerating their transition to new technology nodes. This trend and our business momentum reaffirm FormFactor's opportunities in 2007 and beyond," said Igor Khandros, CEO of FormFactor.

20       23.     On July 25, 2007, the Company issued a press release entitled "FormFactor, Inc.

21   Announces Second Quarter 2007 Financial Results." Therein, the Company, in relevant part, stated:

22
23
24

FormFactor, Inc. today announced its financial results for the second quarter of fiscal year 2007, ended June 30, 2007. Quarterly revenues were a record $114.1 million, up 12% from $102.3 million in the first quarter of fiscal 2007, and up 24% from $92.4 million in the second quarter of fiscal 2006.

25
26
27
28

Net income for the second quarter of fiscal 2007 was $18.6 million or $0.38 per share on a fully diluted basis, which included $4.2 million or $0.08 per share of stock-based compensation, net of tax. This compares to $14.8 million or $0.30 per share on a fully diluted basis for the first quarter of fiscal 2007, which included $5.2 million or $0.11 per share of stock-based compensation, net of tax. Net income

1

2

for the second quarter of fiscal 2006 was $15.3 million or $0.32 per share on a fully diluted basis, which included $3.1 million or $0.06 per share of stock-based compensation, net of tax.

3

4

5

6

7

"FormFactor had another outstanding quarter - setting revenue, bookings, and operating income records. Our 24% year over year growth was fueled by the particular strength of DRAM, as well as healthy NOR Flash and Logic segments. We continued to focus on the development and qualification of new products in Flash, DRAM and Fine Pitch logic to expand our offerings in multiple applications and innovate to lead the market to the next generation of testing technology," said Igor Khandros, CEO of FormFactor.

8

9

10

11

12

13

24.     The statements contained in ¶¶ 18 – 23 were materially false and misleading when made because defendants failed to disclose or indicate the following:  (1) that the Company had improperly accounted for its obsolete inventory; (2) that the Company's financial statements were not prepared in accordance with GAAP; (3) that the Company lacked adequate internal and financial controls; and (4) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

14

### The Truth Begins to Emerge

15

16

17

25.     On October 24, 2007, after the close of the market, the Company shocked investors when it issued a press release entitled "FormFactor, Inc. Announces Record Revenue Quarter of $125.3 Million, Up 29% Year Over Year."  Therein, the Company, in relevant part, stated:

18

19

20

21

22

FormFactor, Inc. today announced revenue for the third quarter of fiscal year 2007, ended September 29, 2007. The Company posted record quarterly revenue of $125.3 million. These results compare to revenue of $114.1 million, a 10% increase from the second quarter of fiscal 2007 and $96.8 million, a 29% increase from the third quarter of fiscal 2006. The company had a cash balance of $537 million as of September 29, 2007.

23

24

25

26

"FormFactor delivered another record revenue quarter driven by strength in DRAM, NOR and KGD as we continued to lead the market for advanced probe cards. As existing customers migrated to our new product platforms and we penetrated emerging markets such as Wire Bond Logic, design activity also increased," said Igor Khandros, CEO of FormFactor.

27

28

*The Company said that it is unable at this time to release further income statement data with respect to the third quarter. The Company is currently reviewing its historic practices with respect to inventory valuation in light of issues identified by the Company in*

- 9 -

*the course of preparation of financial statements for the third quarter. Based on the review to date management believes that adjustments to inventory valuations may be required with respect to periods prior to the third quarter of 2007. These potential adjustments could change inventory, gross margin, operating margin and net income from the amounts previously reported for the affected periods. The Company has not yet determined the magnitude of these adjustments or whether the adjustments will be reflected in the third quarter financial statements or in a restatement of the affected periods. The Company believes, however, that its third quarter operating margin and net income per share, without giving effect to adjustments in respect of prior periods, should be not less than the 20.5%-21% and $0.38-$0.40 per share, respectively, provided as management guidance in the Q2 earnings call conducted on July 25, 2007. The Company is working to complete the internal review as promptly as practicable.* [Emphasis added.]

26.    On this news, the Company's shares fell $7.70 per share, or over 17.8 percent, to close on October 25, 2007 at $35.54 per share, on unusually heavy trading volume.

27.    Also on October 25, 2007, the *Associated Press* published a story entitled "FormFactor Drops Sharply on 3Q Delay," which in relevant part stated:

> **FormFactor Falls After Company Delays Release of 3rd-Quarter Earnings for Inventory Study**
>
> *Shares of FormFactor Inc. dropped sharply Thursday afternoon after the company said it would not release final third-quarter results until it reviewed inventory valuation practices.*
>
> Revenue for the period grew 29 percent, and the company said earnings would be "not less" than guidance of 38 cents to 40 cents per share. Analysts are expecting a profit of 39 cents per share, according to a poll by Thomson Financial.
>
> *FBR Research analyst Mehdi Hosseini called the news "disappointing" and downgraded the stock to "Underperform" or "Sell" from "Market Perform" or "Hold." He lowered his price target to $35 from $45.*
>
> *While Hosseini said he is concerned over the earnings, he is more worried about long-term growth at the company.*
>
> *"Our concerns are merely more than just making a 'short' call, as we have become marginally more concerned about a structural change to the story in the face of lackluster execution," Hosseini said in a client note.*

CLASS ACTION COMPLAINT

*Pacific Crest analyst Mark Bachman acknowledged to clients Thursday morning that his advice to stay long-term with FormFactor was "wrong" and that the company "tests our short-term conviction."*

Seasonality, Bachman, said, affected revenue growth, and the inventory valuation investigation may alter the company's margins.

*"Investors will be unhappy with management's inability to answer questions of the scope, materiality and timing of the investigation,"* Bachman said. [Emphasis added.]

### FORMFACTOR'S VIOLATION OF GAAP RULES
### IN ITS FINANCIAL STATEMENTS
### FILED WITH THE SEC

28.    These financial statements and the statements about the Company's financial results were false and misleading, as such financial information was not prepared in conformity with GAAP, nor was the financial information a fair presentation of the Company's operations due to the Company's improper accounting for, and disclosure about its revenues, in violation of GAAP rules.

29.    GAAP are those principles recognized by the accounting profession as the conventions, rules and procedures necessary to define accepted accounting practice at a particular time. Regulation S-X (17 C.F.R. § 210.4 01(a)(1)) states that financial statements filed with the SEC which are not prepared in compliance with GAAP are presumed to be misleading and inaccurate. Regulation S-X requires that interim financial statements must also comply with GAAP, with the exception that interim financial statements need not include disclosure which would be duplicative of disclosures accompanying annual financial statements. 17 C.F.R. § 210.10-01(a).

30.    Given these accounting irregularities, the Company announced financial results that were in violation of GAAP and the following principles:

        (a)    The principle that "interim financial reporting should be based upon the same accounting principles and practices used to prepare annual financial statements" was violated (APB No. 28, ¶10);

        (b)    The principle that "financial reporting should provide information that is useful to present to potential investors and creditors and other users in making rational investment, credit, and similar decisions" was violated

1    (FASB Statement of Concepts No. 1, ¶34);

2    (c)    The principle that "financial reporting should provide information about the

3    economic resources of an enterprise, the claims to those resources, and

4    effects of transactions, events, and circumstances that change resources and

5    claims to those resources" was violated (FASB Statement of Concepts No. 1,

6    ¶40);

7    (d)    The principle that "financial reporting should provide information about an

8    enterprise's financial performance during a period" was violated (FASB

9    Statement of Concepts No. 1, ¶42);

10    (e)    The principle that "financial reporting should provide information about how

11    management of an enterprise has discharged its stewardship responsibility to

12    owners (stockholders) for the use of enterprise resources entrusted to it" was

13    violated (FASB Statement of Concepts No. 1, ¶50);

14    (f)    The principle that "financial reporting should be reliable in that it represents

15    what it purports to represent" was violated (FASB Statement of Concepts No.

16    2, ¶¶ 58-59);

17    (g)    The principle that "completeness, meaning that nothing is left out of the

18    information that may be necessary to insure that it validly represents

19    underlying events and conditions" was violated (FASB Statement of

20    Concepts No. 2, ¶79); and

21    (h)    The principle that "conservatism be used as a prudent reaction to uncertainty

22    to try to ensure that uncertainties and risks inherent in business situations are

23    adequately considered" was violated (FASB Statement of Concepts No. 2,

24    ¶95).

25    31.    The adverse information concealed by Defendants during the Class Period and

26    detailed above was in violation of Item 303 of Regulation S-K under the federal securities law (17

27    C.F.R. §229.303).

28

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

32.   Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased FormFactor's securities between April 26, 2006 and October 24, 2007, inclusive (the "Class Period") and who were damaged thereby. Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

33.   The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, FormFactor's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by FormFactor, or its transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34.   Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

35.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

36.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)   whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)   whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of FormFactor; and

(c)    to what extent the members of the Class have sustained damages and the proper measure of damages.

37.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

38.    The market for FormFactor's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements, and failures to disclose, FormFactor's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired FormFactor's securities relying upon the integrity of the market price of FormFactor's securities and market information relating to FormFactor, and have been damaged thereby.

39.    During the Class Period, defendants materially misled the investing public, thereby inflating the price of FormFactor's securities, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

40.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about FormFactor's financial well-being and prospects. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of FormFactor and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading

1  statements during the Class Period resulted in Plaintiff and other members of the Class purchasing

2  the Company's securities at artificially inflated prices, thus causing the damages complained of

3  herein.

4  <center>**LOSS CAUSATION**</center>

5       41.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the

6  economic loss suffered by Plaintiff and the Class.

7       42.    During the Class Period, Plaintiff and the Class purchased FormFactor's securities at

8  artificially inflated prices and were damaged thereby.  The price of FormFactor's securities

9  significantly declined when the misrepresentations made to the market, and/or the information

10  alleged herein to have been concealed from the market, and/or the effects thereof, were revealed,

11  causing investors' losses.

12  <center>**SCIENTER ALLEGATIONS**</center>

13       43.    As alleged herein, defendants acted with scienter in that defendants knew that the

14  public documents and statements issued or disseminated in the name of the Company were

15  materially false and misleading; knew that such statements or documents would be issued or

16  disseminated to the investing public; and knowingly and substantially participated or acquiesced in

17  the issuance or dissemination of such statements or documents as primary violations of the federal

18  securities laws.  As set forth elsewhere herein in detail, defendants, by virtue of their receipt of

19  information reflecting the true facts regarding FormFactor, their control over, and/or receipt and/or

20  modification of FormFactor's allegedly materially misleading misstatements and/or their associations

21  with the Company which made them privy to confidential proprietary information concerning

22  FormFactor, participated in the fraudulent scheme alleged herein.

23       44.    Additionally, during the Class Period, and with the Company's securities trading at

24  artificially inflated prices, Company insiders sold 272,747 shares of the Company's stock for gross

25  proceeds of $14,044,671, including over $8.8 million in gross proceeds received by the Individual

26  Defendants.  This trading by Company insiders during the Class Period is evidenced by the

27  following chart:

28

<center>- 15 -</center>
<center>CLASS ACTION COMPLAINT</center>

| Date of Trade | Inside Trader | Number of Shares | Price per Share | Gross Proceeds |
|---|---|---|---|---|
| October 16, 2007 | Khandros, Igor Y. | 10,000 | $43.00 | $430,000 |
| September 17, 2007 | Khandros, Igor Y. | 4,950 | $46.08 - $46.19 | $2,280,002 |
| September 17, 2007 | Khandros, Igor Y. | 25,050 | $45.11 - $46.07 | $1,142,000 |
| September 4, 2007 | Khandros, Igor Y. | 40,000 | $46.00 | $1,840,000 |
| August 17, 2007 | Khandros, Igor Y. | 10,000 | $43.68 | $436,800 |
| August 8, 2007 | Khandros, Igor Y. | 10,000 | $43.00 | $430,000 |
| July 31, 2007 | Merkadeau, Stuart L. | 7,500 | $39.38 | $295,350 |
| July 30, 2007 | Campbell, Thomas J. | 5,547 | $40.44 | $224,320 |
| June 18, 2007 | Khandros, Igor Y. | 1,400 | $43.00 | $60,200 |
| June 15, 2007 | Foster, Ronald C. | 1,800 | $43.00 | $77,400 |
| June 15, 2007 | Khandros, Igor Y. | 10,000 | $43.00 | $430,000 |
| May 2, 2007 | Foster, Ronald C. | 1,800 | $43.00 | $77,400 |
| April 2, 2007 | Foster, Ronald C. | 1,800 | $44.75 | $80,550 |
| March 1, 2007 | Foster, Ronald C. | 4,000 | $43.00 | $172,000 |
| February 26, 2007 | Merkadeau, Stuart L. | 7,000 | $46.00 | $322,000 |
| February 13, 2007 | Merkadeau, Stuart L. | 3,000 | $43.19 | $129,570 |
| February 5, 2007 | Prestridge, James A. | 18,000 | $43.32 | $779,760 |
| February 5, 2007 | Campbell, Thomas J. | 5,209 | $43.50 | $226,591 |
| February 1, 2007 | Merkadeau, Stuart L. | 5,000 | $44.00 | $220,000 |
| February 1, 2007 | Foster, Ronald C. | 5,000 | $43.00 | $215,000 |
| November 6, 2006 | Merkadeau, Stuart L. | 3,000 | $36.80 | $110,399 |
| October 4, 2006 | Foster, Ronald C. | 1,800 | $43.00 | $77,400 |
| September 5, 2006 | Merkadeau, Stuart L. | 3,000 | $48.75 | $146,250 |
| September 1, 2006 | Foster, Ronald C. | 1,800 | $48.33 | $86,994 |
| August 30, 2006 | Khandros, Igor Y. | 20,000 | $49.00 | $980,000 |

CLASS ACTION COMPLAINT

| August 29, 2006 | Campbell, Thomas J. | 3,125 | $46.02 | $143,812 |
| August 3, 2006 | Foster, Ronald C. | 1,800 | $43.00 | $77,400 |
| August 1, 2006 | Merkadeau, Stuart L. | 1,000 | $41.59 | $41,590 |
| July 5, 2006 | Merkadeau, Stuart L. | 3,000 | $46.73 | $140,190 |
| May 4, 2006 | Merkadeau, Stuart L. | 2,693 | $41.63 | $112,109 |
| May 4, 2006 | Merkadeau, Stuart L. | 307 | $41.63 | $12,780 |
| May 3, 2006 | Campbell, Thomas J. | 1,041 | $42.65 | $44,398 |
| May 1, 2006 | Wagner, Harvey A. | 5,000 | $42.01 - $42.14 | $210,000 |
| May 1, 2006 | Bronson, Joseph R. | 25,000 | $41.33 | $1,033,250 |
| May 1, 2006 | Campbell, Thomas J. | 3,125 | $41.65 | $130,156 |
| May 1, 2006 | Merkadeau, Stuart L. | 20,000 | $41.40 - $41.45 | $829,000 |
| | **TOTAL:** | **272,747 Shares** | | **$14,044,671 Gross Proceeds** |

### Applicability of Presumption of Reliance:
### Fraud On The Market Doctrine

45.     At all relevant times, the market for FormFactor's securities was an efficient market for the following reasons, among others:

(a)     FormFactor's securities met the requirements for listing, and were listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, FormFactor filed periodic public reports with the SEC and the NASDAQ;

(c)     FormFactor regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

(d)    FormFactor was followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

46.    As a result of the foregoing, the market for FormFactor's securities promptly digested current information regarding FormFactor from all publicly-available sources and reflected such information in the price of FormFactor's securities. Under these circumstances, all purchasers of FormFactor's securities during the Class Period suffered similar injury through their purchase of FormFactor's securities at artificially inflated prices and a presumption of reliance applies.

## NO SAFE HARBOR

47.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of FormFactor who knew that those statements were false when made.

## FIRST CLAIM
### Violation of Section 10(b) of
### The Exchange Act and Rule 10b-5
### Promulgated Thereunder Against All Defendants

48.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

49.    During the Class Period, defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public,

1 | including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other
2 | members of the Class to purchase FormFactor's securities at artificially inflated prices. In
3 | furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took
4 | the actions set forth herein.

5 |      50.    Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue
6 | statements of material fact and/or omitted to state material facts necessary to make the statements not
7 | misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud
8 | and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high
9 | market prices for FormFactor's securities in violation of Section 10(b) of the Exchange Act and Rule
10 | 10b-5. All defendants are sued either as primary participants in the wrongful and illegal conduct
11 | charged herein or as controlling persons as alleged below.

12 |      51.    Defendants, individually and in concert, directly and indirectly, by the use, means or
13 | instrumentalities of interstate commerce and/or of the mails, engaged and participated in a
14 | continuous course of conduct to conceal adverse material information about FormFactor's financial
15 | well-being and prospects, as specified herein.

16 |      52.    These defendants employed devices, schemes and artifices to defraud, while in
17 | possession of material adverse non-public information and engaged in acts, practices, and a course of
18 | conduct as alleged herein in an effort to assure investors of FormFactor's value and performance and
19 | continued substantial growth, which included the making of, or the participation in the making of,
20 | untrue statements of material facts and omitting to state material facts necessary in order to make the
21 | statements made about FormFactor and its business operations and future prospects in light of the
22 | circumstances under which they were made, not misleading, as set forth more particularly herein,
23 | and engaged in transactions, practices and a course of business which operated as a fraud and deceit
24 | upon the purchasers of FormFactor's securities during the Class Period.

25 |      53.    Each of the Individual Defendants' primary liability, and controlling person liability,
26 | arises from the following facts: (i) the Individual Defendants were high-level executives and/or
27 | directors at the Company during the Class Period and members of the Company's management team
28 | or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities

1 | as a senior officer and/or director of the Company, was privy to and participated in the creation,

2 | development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii)

3 | each of these defendants enjoyed significant personal contact and familiarity with the other

4 | defendants and was advised of, and had access to, other members of the Company's management

5 | team, internal reports and other data and information about the Company's finances, operations, and

6 | sales at all relevant times; and (iv) each of these defendants was aware of the Company's

7 | dissemination of information to the investing public which they knew or recklessly disregarded was

8 | materially false and misleading.

9 | 54. The defendants had actual knowledge of the misrepresentations and omissions of

10 | material facts set forth herein, or acted with reckless disregard for the truth in that they failed to

11 | ascertain and to disclose such facts, even though such facts were available to them. Such defendants'

12 | material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose

13 | and effect of concealing FormFactor's financial well-being and prospects from the investing public

14 | and supporting the artificially inflated price of its securities. As demonstrated by defendants'

15 | overstatements and misstatements of the Company's financial well-being and prospects throughout

16 | the Class Period, defendants, if they did not have actual knowledge of the misrepresentations and

17 | omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from

18 | taking those steps necessary to discover whether those statements were false or misleading.

19 | 55. As a result of the dissemination of the materially false and misleading information

20 | and failure to disclose material facts, as set forth above, the market price of FormFactor's securities

21 | was artificially inflated during the Class Period. In ignorance of the fact that market prices of

22 | FormFactor's securities were artificially inflated, and relying directly or indirectly on the false and

23 | misleading statements made by defendants, or upon the integrity of the market in which the

24 | securities trades, and/or in the absence of material adverse information that was known to or

25 | recklessly disregarded by defendants, but not disclosed in public statements by defendants during the

26 | Class Period, Plaintiff and the other members of the Class acquired FormFactor's securities during

27 | the Class Period at artificially high prices and were damaged thereby.

28

1    56.    At the time of said misrepresentations and omissions, Plaintiff and other members of

2  the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other

3  members of the Class and the marketplace known the truth regarding the problems that FormFactor

4  was experiencing, which were not disclosed by defendants, Plaintiff and other members of the Class

5  would not have purchased or otherwise acquired their FormFactor securities, or, if they had acquired

6  such securities during the Class Period, they would not have done so at the artificially inflated prices

7  which they paid.

8    57.    By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange

9  Act and Rule 10b-5 promulgated thereunder.

10    58.    As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the

11  other members of the Class suffered damages in connection with their respective purchases and sales

12  of the Company's securities during the Class Period.

13
<div align="center">

**SECOND CLAIM**
**Violation of Section 20(a) of**
**The Exchange Act Against the Individual Defendants**

</div>

14

15    59.    Plaintiff repeats and realleges each and every allegation contained above as if fully set

16  forth herein.

17    60.    The Individual Defendants acted as controlling persons of FormFactor within the

18  meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level

19  positions, and their ownership and contractual rights, participation in and/or awareness of the

20  Company's operations and/or intimate knowledge of the false financial statements filed by the

21  Company with the SEC and disseminated to the investing public, the Individual Defendants had the

22  power to influence and control and did influence and control, directly or indirectly, the decision-

23  making of the Company, including the content and dissemination of the various statements which

24  Plaintiff contends are false and misleading. The Individual Defendants were provided with or had

25  unlimited access to copies of the Company's reports, press releases, public filings and other

26  statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were

27  issued and had the ability to prevent the issuance of the statements or cause the statements to be

28  corrected.

1    61.    In particular, each of these defendants had direct and supervisory involvement in the

2  day-to-day operations of the Company and, therefore, is presumed to have had the power to control

3  or influence the particular transactions giving rise to the securities violations as alleged herein, and

4  exercised the same.

5    62.    As set forth above, FormFactor and the Individual Defendants each violated Section

6  10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of their

7  positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the

8  Exchange Act.  As a direct and proximate result of defendants' wrongful conduct, Plaintiff and other

9  members of the Class suffered damages in connection with their purchases of the Company's

10  securities during the Class Period.

11    **WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

12    (a)    Determining that this action is a proper class action under Rule 23 of the

13        Federal Rules of Civil Procedure;

14    (b)    Awarding compensatory damages in favor of Plaintiff and the other Class

15        members against all defendants, jointly and severally, for all damages

16        sustained as a result of defendants' wrongdoing, in an amount to be proven at

17        trial, including interest thereon;

18    (c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred

19        in this action, including counsel fees and expert fees; and

20    (d)    Such other and further relief as the Court may deem just and proper.

21

22

23

24

25

26

27

28

- 22 -

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: December 3, 2007                SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

_____

Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

- and -

Richard A. Maniskas, Esq. (*pro hac vice*)
D. Seamus Kaskela, Esq. (*pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

CLASS ACTION COMPLAINT

## CERTIFICATION

I, Victor Albertazzi, ("Plaintiff") declare, us to the claims asserted under the federal securities laws, that:

1.     Plaintiff has reviewed the Complaint, and authorizes it filing.

2.     Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.     Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, including providing testimony at deposition and trial, if necessary.

4.     Plaintiff's purchase and sale transaction(s) in the **FormFactor, Inc.** (NASDAQ: FORM) security that is the subject of this action  during the Class Period is/are as follows:

| Type of Security (common stock, preferred, option, or bond) | Number of Shares | Bought (B) | Sold (S) | Date | Price  per share |
|---|---|---|---|---|---|
| COMMON | 500 | B |  | 7/12/2006 | $42.0139 |
| COMMON | 500 |  | S | 7/21/2006 | $36.925 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(Please list additional purchase and sale information on a separate sheet of paper, if necessary)

5.     Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.     During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as described below: _____

7.     Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _29_ day of _November_ , 2007

VICTOR ALBERTAZZI