```
 1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
    Alan R Plutzik (77785)
 2  L Timothy Fisher (191626)
    2125 Oak Grove Road, Suite 120
 3  Walnut Creek, CA 94598
    Telephone: 925-945-0770
 4  Facsimile:  925-945-8792
    aplutzik@bramsonplutzik.com
 5  ltfisher@bramsonplutzik.com

 6    - and -

 7  Richard A. Maniskas (pro hac vice)
    D. Seamus Kaskela  (pro hac vice)
 8  280 King of Prussia Road
    Radnor, PA 19087
 9  Telephone: (610) 667-7706
    Facsimile: (610) 667-7056
10
    Attorneys for Plaintiff
11
    [Additional Counsel Appear on Signature Page]
12
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ALBERTAZZI, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORMFACTOR, INC., IGOR Y. KHANDROS, RONALD C. FOSTER and RICHARD M. FREEMAN,<br><br>Defendants. | Case No. C-07-06092-SI<br><br>**NOTICE OF WAIVER OF SERVICE OF SUMMONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that named defendants in this action, FormFactor, Inc., Igor Y. Khandros, Ronald C. Foster, and Richard M. Freeman have waived service of summons. The waivers are attached hereto as Exhibit A.

Dated: December 14, 2007                SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

/s/ Alan R. Plutzik
Alan R. Plutzik, Of Counsel (Bar. No. 077758)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Richard A. Maniskas
D. Seamus Kaskela
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**EXHIBIT A**

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, FormFactor, Inc.
(DEFENDANT NAME)
, acknowledge receipt of your request that I waive service of summons in the action of Victor Albertazzi v. FormFactor, Inc., et al
(CAPTION OF ACTION)
, which is case number C07-06092 SI
(DOCKET NUMBER)
in the United States District Court for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after
12-5-07
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

12/10/2007
(DATE)

(SIGNATURE)

Printed/Typed Name: RAJAT SONI

As ATTORNEY of FORMFACTOR, INC.
(TITLE)   (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Igor Y. Khandros
   (DEFENDANT NAME)
, acknowledge receipt of your request

that I waive service of summons in the action of Victor Albertazzi v. FormFactor, Inc., et al
                                                  (CAPTION OF ACTION)
,

which is case number C07-06092 SI
                     (DOCKET NUMBER)
in the United States District Court

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after    12-5-07
                                                                              (DATE REQUEST WAS SENT)
,

or within 90 days after that date if the request was sent outside the United States.

12/10/2007
(DATE)

_____
(SIGNATURE)

Printed/Typed Name: **RAJAT SONI**

As **ATTORNEY FOR I. KHANDROS**, **FORM FACTOR, INC.**
   (TITLE)                                (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Ronald C. Foster , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Victor Albertazzi v. FormFactor, Inc., et al ,
(CAPTION OF ACTION)

which is case number C07-06092 SI in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after 12-5-07 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

12/10/2007
(DATE)

(SIGNATURE)

Printed/Typed Name: RAJAT SONI

As ATTORNEY FOR R. FOSTER of FORMFACTOR, INC.
(TITLE)                          (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Richard M. Freeman , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Victor Albertazzi v. FormFactor, Inc., et al ,
(CAPTION OF ACTION)

which is case number C07-06092 SI in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after 12-5-07 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

12/10/2007
(DATE)

(SIGNATURE)

Printed/Typed Name: **RAJAT SONI**

As **ATTORNEY FOR R. FREEMAN** of **FORM FACTOR, INC.**
(TITLE) (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.